IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )    No. 12-CR-3182 |
| | ) |
| CHASE CAMERON, | ) |
| | ) |
|     Defendant. | ) |

UNITED STATES' MOTION TO
REVOKE MAGISTRATE JUDGE'S RELEASE ORDER

Pursuant to 18 U.S.C. § 3145(a), the United States hereby moves the Court to revoke the Magistrate Judge's release order in this matter, and in support of its motion states:

1. On December 12, 2012, a federal Grand Jury sitting in Las Cruces, New Mexico returned an Indictment (Doc. 2) charging, *inter alia*, defendant with Conspiracy to Distribute 50 Kilograms and More of Marijuana in violation of 21 U.S.C. § 846 and Conspiracy to Launder Monetary Instruments in violation of 18 U.S.C. § 1956(h). Because defendant has a prior conviction for a felony drug offense, defendant faces a maximum term of 30 years imprisonment on the marijuana distribution conspiracy count.

2. On December 21, 2012, defendant was arrested in the Southern District of California. On December 24, 2012, defendant appeared for his initial appearance before the Honorable Jan M. Alder, United States Magistrate Judge for the Southern District of Calirfornia.

3. On January 10, 2013, following a Detention Hearing, Judge Adler ordered defendant released upon posting a $75,000 bond secured by defendant and his mother.

4. A motion to revoke a Magistrate Judge's release order under 18 U.S.C. § 3145(a) "should be considered and ruled upon in the first instance by a district judge in the court of original jurisdiction." United States v. Cisneros, 328 F.3d 610, 615 (10th Cir. 2003). In other words, the motion is to be decided by the district judge assigned to the case. Id. Moreover, "the standard of review for the district court's review of a magistrate judge's detention or release order under § 3145(a) is *de novo.*" Id. at 616 n. 1.

5. 18 U.S.C. § 3142(e) provides, in pertinent part:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act... .

This presumption "reflects Congress's findings that drug traffickers often have the resources and foreign contacts to escape to other countries, as well as strong incentives to continue in the drug trade." United States v. Moreno, 1994 WL 390091 (1st Cir. July 14, 1994) (unpublished).

6. The presumption established by § 3142(e) is applicable in this case based on the charges in the Indictment for which the grand jury has found probable cause. See United States v. Stricklin, 932 F.2d 1353, 1354 (10th Cir. 1991). In Stricklin, the Tenth Circuit stated:

> Once the presumption is invoked, the burden of production shifts to the defendant. However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government. The defendant's burden of production is not heavy, but some evidence must be produced. Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain.

932 F.2d at 1354-55.

7. In this case, defendant has offered insufficient facts to rebut the presumption that no condition or combination of conditions exist that would reasonably assure his future appearance in court as required or the safety of the community. Moreover, the facts of this case support defendant's continued detention:

    a. Defendant is currently on probation in California.

    b. Defendant has a lengthy history of substance abuse which resulted in a recent arrest for Driving Under the Influence of Alcohol.

    c. Defendant has failed to appear in court on previous occasions which resulted in warrants issued for his arrest.

    d. Defendant was involved in marijuana distribution and money laundering throughout the United States. Between July, 3, 2012 and October 4, 2012, Cameron's U.S. Bank account reflected cash deposits made in Ohio totaling $38,870. Each cash deposit was under $10,000. The cash was withdrawn in California the same day as each deposit. Bank personnel stated the cash smelled of marijuana. Between October 31, 2012 and November 1, 2012, Cameron made cash deposits, all under $10,000, into a U.S.

Bank Account in the name of Eric Fisher. The deposits were made in Ohio by Cameron and withdrawn on the same day in California by Eric Fisher. Between April 20, 2011 and July 12, 2011, seven cash deposits – ranging between $3,000 and $9,000 – totaling $49,000 were made into Cameron's Wells Fargo bank account at various locations in New Mexico. Cash withdrawals totaling $48,980 were made in California immediately following each deposit. Withdrawals ranged between $3,000 and $9,000. According to bank records, Cameron is listed as working for Jack In The Box Restaurant. Between March 14, 2011 and April 8, 2011, twelve cash deposits – ranging between $2,500 and $9,500 – totaling $68,500 were made into Cameron's Wells Fargo bank account. The cash deposits were made at branches in Texas, Alabama and New Mexico. Cash withdrawals totaling $66,485 were made in California immediately following the deposits. The interstate scope of defendant's criminal activity suggests both a flight risk and danger to the community.

    e.    In a post-arrest statement, defendant admitted that he was aware of the warrant for his arrest on the pending charges. Nevertheless, he did nothing to turn himself in. In fact, he was arrested only after being involved in a chase with the apprehending agents. The chase ended when defendant crashed his car.

    WHEREFORE, for the foregoing reasons, and any additional reasons that may be presented at a hearing on this matter, the United States requests that the Court revoke Magistrate Judge Adler's release order in this case and order defendant detained pending

trial.  The United States further requests that the court stay Magistrate Judge Adler's release order pending the resolution of this motion and order that defendant be transported to the District of New Mexico forthwith for a hearing on this motion.

        Respectfully submitted,

        KENNETH J. GONZALES
        United States Attorney

        *ELECTRONICALLY FILED*

        JOEL R. MEYERS
        Assistant U.S. Attorney
        P.O. Box 607
        Albuquerque, New Mexico  87103
        (505) 346-7274

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 11th day of January, 2012, I filed the foregoing pleading electronically through the CM/ECF system, which is designed to cause counsel of record for the defendant to be served by electronic means.

*ELECTRONICALLY FILED*

JOEL R. MEYERS
Assistant U.S. Attorney